

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7197 | **DATE** | 8/21/2000 |
| **CASE TITLE** | Corrinda Spaulding vs. Kenneth S. Apfel etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for summary judgment is denied and defendant's motion is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | AUG 2 2 2000 | date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 AUG 22 AM 8:44 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CORRINDA SPAULDING, )
)
        Plaintiff, )
)
vs. ) No. 99 C 7197
)
KENNETH S. APFEL, Commissioner of the )
Social Security Administration, )
)
        Defendants. )

DOCKETED

AUG 2 2 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff applied for disability insurance benefits on October 9, 1996. After her application was denied she sought and obtained an administrative hearing on March 3, 1998. The administrative law judge denied the claim on June 26, 1998, and review was denied September 30, 1999. This lawsuit followed, with the parties filing cross motions for summary judgment. Plaintiff's motion for summary judgment is denied and defendant's motion is granted.

ALJ Horn determined that plaintiff had severe gastrointestinal disorders but they did not, alone or in combination, constitute a listed impairment. He concluded that plaintiff had the residual functional capacity to perform light work, which included her past relevant work as a bank teller. We must determine whether the final decision that plaintiff was not disabled is supported by substantial evidence. We believe that it was.

Plaintiff has not been employed since 1993, which she claims is the time of the onset of her disability. In large part because of her lack of medical coverage and consequent unwillingness or inability to obtain medical assistance, the medical record is sparse. No doctor



has concluded that plaintiff is unable to work. Plaintiff relies, therefore, on her own evaluation and certain notes from treating physicians. The thrust of her argument is that the ALJ failed to consider evidence supporting the disability claim.

Plaintiff has been experiencing gastrointestinal problems since approximately 1986, when she was 20 years of age. She has been variously diagnosed as having erosive gastritis, a hiatal hernia, gastroesophageal reflux, chronic dyspepsia, duodenitis, irritable bowel syndrome and gastroparesis. The first medical record indicates that she was seen by Dr. Colligan on March 30, 1988, after an emergency room visit for gastrointestinal problems, including nausea and vomiting. She was treated with Zantac. Followup included the administration of different medications. She did not see Dr. Colligan again until April 1992, relating to her gastrointestinal problems. Diagnostic studies indicated a small hiatal hernia with GI reflux. She was treated with Zantac and Reglan. She also saw him in August of that year.

She next saw a physician, Dr. Lofton, in July 1993. That visit was occasioned by head pains, not gastrointestinal problems. The latter problems did recur, however, and she was restarted on medications in December 1993. He gave her a note indicating she could continue to work. Thereafter Dr. Lofton saw her, apparently, on more than one occasion, the last visit being May 16, 1995. On June 4, 1996, she called to obtain medication but was turned down because it had been so long since she was last seen. Thereafter she went back to Dr. Colligan. An October 28, 1996, submission by him relating to plaintiff's application contains a handwritten notation which says, among other things, "She should not bend over or lift objects greater than 20# because of hiatal hernia." A subsequent submission, dated January 6, 1997,

typewritten and signed, notes that plaintiff was taking Zantac and Reglan for her reflux and hernia and posits as a plan the continuation of medical management for those conditions. It does not refer to lifting or bending restrictions. A March 3, 1998, submission by plaintiff states that she was told by Dr. Colligan that she should avoid physical and mental stress.

Light work requires lifting up to 20 pounds and occasional bending over. A reviewing physician discounted the October limitations because they were not included in the submission the following January, and the ALJ expressly relied upon that judgment. The record is not as clear as it could be -- the reviewing physician refers only to the October weight restriction before noting that the January submission contains no such restrictions and concluding that the limitation is unnecessary. We think, though, that the brief October note cannot carry the day for plaintiff and that the ALJ was entitled to rely upon the reviewing physician's assessment, particularly when plaintiff has testified or written that she drives an automobile, does some volunteer work, shops, cooks, and does light housework in the residence she shares with her school-age daughter. Plaintiff has submitted no medical literature that suggests that a small hiatal hernia necessarily leads to a prohibition against any bending at all, and plaintiff's activities belie any such draconian restrictions.

Plaintiff also argues that the ALJ ignored her testimony that she experienced non-exertional limitations that would affect her ability to work, namely, fatigue and drowsiness, nausea, vomiting and diarrhea. Drowsiness, she contends, is a typical side effect of the Reglan medication. She testified, however, that she takes Reglan as needed, sometimes not taking any for as long as a week or two, and she tries to take no more than two a day because, the testimony indicates, more than two a day does make her drowsy. She does experience nausea

almost daily, according to her testimony, and vomiting and diarrhea. But the nausea goes back to 1986, and she worked seven more years and was told by her physician that she could work. On July 17, 1996, Dr. Colligan's notes indicate that plaintiff was using Zantac effectively, she was feeling as well as she ever had, she had lost 40 pounds, and kept it off, and she had minimal dyspepsia, occasional episodes of nausea and dry heaves, and bowel pattern was normal, although she still smoked a pack of cigarettes daily. The plan was to treat the symptoms with Zantac and Reglan and follow up in six months. Her testimony related to vomiting only in bed, once a month or every other month, and an occasional constipation-diarrhea cycle. Judge Horn discussed the medical evidence, including the reviewing physician's conclusion. Plaintiff's testimony did not contradict that evidence in any substantial respect, and the ALJ had ample grounds for concluding as he did. There just was not enough there to conclude that plaintiff, even if she followed an appropriate medical plan, could not perform light work.

JAMES B. MORAN
Senior Judge, U. S. District Court

August 21, 2000.