
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| | | **DATE** | 7/19/2001 |
| **CASE NUMBER** | 99 C 7197 | | |
| **CASE TITLE** | Corrinda Spaulding vs. Larry Massanari etc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Plaintiff lost before this court, but won a remand in the Court of Appeals. She now petitions for attorneys' fees and costs in the amount of $15,631.85, payable to Barry Schultz, on the ground that the government's position was not substantially justified. We grant the petition.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail A 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

JUL 23 2001  date docketed

docketing deputy initials

date mailed notice

mailing deputy initials

Document Number

37

ED-7
FILED FOR DOCKETING
01 JUL 20 AM II: 20

WAH | courtroom deputy's initials

Date/time received in central Clerk's Office

DOCKETED

JUL 2 3 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORRINDA SPAULDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 99 C 7197 |
| | ) | |
| LARRY MASSANARI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff lost before this court, but won a remand in the Court of Appeals. She now petitions for attorneys' fees and costs in the amount of $15,631.85, payable to Barry Schultz, on the ground that the government's position was not substantially justified. We grant the petition.

A district court passing upon a fee petition after it ruled for the government and was reversed is in a somewhat anomalous position. We think it best to focus upon the Court of Appeals evaluation of the government's case, which necessarily had to support the ALJ's opinion. Here the Court of Appeals concluded that the ALJ had made a host of mistakes, which we need not repeat here. Suffice it to say, the appellate court, although it did not decide that petitioner was disabled, did not consider the issue of whether petitioner was entitled to a new hearing a close one. *See* United States v. Hallmark Construction Co., 200 F.3d 1076, 1079 (7th Cir. 2000); Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995); Marcus v. Shalala, 17 F.3d 1033, 1038 (7th Cir. 1994). We concur in the analysis of the law and the views expressed by Magistrate Judge Denlow in Smith v. Apfel, 2001 WL 199505 (N.D. Ill. Feb 28, 2001).

3

The government, alternatively, questions the amount of the fees and the possible recipient. The amount of time expended in this court was modest, almost nominal, some 17.75 hours. The bulk of the work was on appeal, some 85.8 hours, as well as some time respecting the fee dispute. Given the undertaking facing appellant and cognizant of fees approved in other cases, we see no reason to reduce the fees sought. We are aware, as well, that the arrangement between petitioner and her attorney provided for payment directly to the attorney.

JAMES B. MORAN
Senior Judge, U. S. District Court

_____ , 2001.